IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN KING,

    Plaintiff,               No. CIV S-04-2246 LKK DAD P

    vs.

CALIFORNIA DEPT. OF CORRECTIONS, et al.,

    Defendants.        ORDER
_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action. By order filed February 1, 2005, plaintiff was granted leave to file an amended complaint. Plaintiff's amended complaint is before the court for screening.

        The district court is required to screen all complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) and (2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

indisputably meritless legal theory or where the factual contentions are clearly baseless. <u>Neitzke</u>, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

A claim should be dismissed for failure to state a claim upon which relief may be granted only if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Palmer v. Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court accepts as true the allegations of the complaint. See <u>Hospital Bldg. Co. v. Rex Hosp. Trustees</u>, 425 U.S. 738, 740 (1976). The court also construes the pleading in the light most favorable to the plaintiff and resolves doubts in the plaintiff's favor. See <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which plaintiff filed this action provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).

"A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of <u>respondeat superior</u> and, therefore, when a named defendant holds a supervisorial position, the causal link between that defendant and the claimed constitutional violation must be specifically

alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

The plaintiff in this action is an inmate now confined at High Desert State Prison. In his amended complaint, plaintiff alleges that medical and correctional staff at Folsom State Prison failed to accommodate his needs for both a light duty chrono and housing on a lower tier when he was confined at Folsom in 2003, as a result of which he was improperly housed on an upper tier, fell, and suffered a serious injury in October 2003.  Plaintiff seeks compensatory and punitive damages.

Plaintiff has sued three defendants as "supervisors in charge."  Plaintiff claims that defendants Bunnel, Valadez, and Butler were negligent and failed to discharge mandatory duties.  Plaintiff contends that these defendants are vicariously liable under state law for any injuries caused by their subordinates.  Plaintiff's allegations fail to establish the requisite causal link between the acts or conduct of supervisory personnel and the federal constitutional violations asserted by plaintiff.  Plaintiff's vague and conclusory allegations concerning the involvement of the supervisory defendants are not sufficient to state cognizable federal claims against them.  The court will not authorize service of the amended complaint on defendants Bunnel, Valadez, and Butler.

The amended complaint appears to state cognizable claims for relief against defendants Davis, Lazard, Oakely, Dazo, Rendon, Skinner, and Barnes pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).  If the allegations of the amended complaint are proven as to these seven defendants, plaintiff has a reasonable opportunity to prevail on the merits of his claims against them.

On September 19, 2005, the court received plaintiff's request for information concerning the status of his amended complaint.  That request is now moot.  Plaintiff also

inquires whether he can further amend his complaint to allege claims arising from two assaults against him by prison staff at High Desert State Prison. Plaintiff does not provide the dates of the assaults or indicate whether administrative remedies have been exhausted with regard to the assaults. Plaintiff may not amend his complaint a second time without leave of court. Leave to amend will not be granted for the purpose of adding claims that were not exhausted prior to the date on which plaintiff brought this action. If plaintiff exhausted available administrative remedies with regard to the assaults prior to October 22, 2004, plaintiff may file a motion for leave to amend accompanied by a proposed second amended complaint alleging his current claims and the proposed new ones. Plaintiff is advised that the court may deny the joinder of wholly unrelated claims against defendants employed at a different institution due to the delay that will result and due to possible prejudice to existing defendants.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's September 19, 2005 request for information is granted;

2. Service of the amended complaint is appropriate for the following defendants: T.E. Davis; R. Lazard; L. Oakely; A. Dazo; V. Rendon; C.E. Skinner; and R.E. Barnes;

3. The Clerk of the Court shall send plaintiff seven USM-285 forms, one summons, an instruction sheet, and a copy of the amended complaint filed March 28, 2005.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit all of the following documents to the court simultaneously:

    a. The completed, signed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 2 above; and

    d. Eight true and exact copies of the endorsed amended complaint filed March 28, 2005.

1          5. Plaintiff shall not attempt service of process upon any defendants and shall not
2  request waivers of service of summons. Upon receipt of the above-described documents, the
3  court will direct the United States Marshal to serve the defendants specified in this order
4  pursuant to Federal Rule of Civil Procedure 4 without payment of costs.
5  DATED: December 14, 2005.

                                                              /s/ Dale A. Drozd
                                                              DALE A. DROZD
                                                               UNITED STATES MAGISTRATE JUDGE

DAD:13
king2246.1am

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN KING,

        Plaintiff,           No. CIV S-04-2246 LKK DAD P

    vs.

CALIFORNIA DEPT. OF
CORRECTIONS, et al.,         NOTICE OF SUBMISSION

        Defendants.           OF DOCUMENTS
_____/

        Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

        _____  <u>one</u> completed summons form;

        _____  <u>seven</u> completed USM-285 forms; and

        _____  <u>eight</u> true and exact copies of the amended complaint filed March 28, 2005.

DATED: _____.

                                                      _____
                                                      Plaintiff