IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN KING,

      Plaintiff,                               No. CIV S-04-2246 LKK DAD P

      vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS, et al.,

      Defendants.                  ORDER

/

        By order signed May 24, 2006, the court ordered plaintiff to file a declaration showing good cause for his failure to respond to defendant Barnes' motion to dismiss. Pursuant to the order, plaintiff's response was to be accompanied by opposition or a statement of non-opposition to the motion. Plaintiff has filed a document titled "Plaintiff's Response and Opposition to Defendant Barns [sic] and Other Defendant's Motion to Dismiss and Order Supporting Good Show Cause Order and Demand for Jury Trial."

        Plaintiff admits that he received a court order filed January 12, 2006, but he denies that the order obligated him to respond to defendant Barnes' motion to dismiss. Plaintiff characterizes the January 12, 2006 order as "an order advising plaintiff that defendant's [sic] would be served by USM-285 and advisements as to other Fed R. of Civ. P." (Pl.'s Response filed June 12, 2006, at 2.) Plaintiff admits that he received defendant Barnes' motion to dismiss

1

served April 10, 2006, but he states that he did not respond to the motion because "plaintiff is only obligated to respond to the courts order's [sic], not the attorney general." (Id., at 1.)

The January 12, 2006 order contains fourteen numbered paragraphs. The first five paragraphs contain instructions to the Clerk of the Court and the United States Marshal regarding service of plaintiff's amended complaint on seven defendants. The next nine paragraphs contain instructions to the parties. These nine paragraphs, described by plaintiff as "advisements as to other Fed R. of Civ. P.," govern the conduct of the parties in this action. A party who fails to comply with the instructions contained in these nine paragraphs does so at his peril. The final paragraph cautions the parties as follows:

> 14. The failure of any party to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of Court may result in the imposition of sanctions including, but not limited to, dismissal of the action or entry of default.

(Order filed Jan. 12, 2006, at 5.)

The court's order to show cause specifically referred plaintiff to page 3 of the order filed January 12, 2006. On that page, paragraph 7 provides as follows:

> 7. Unless otherwise ordered, all motions to dismiss, motions for summary judgment, motions concerning discovery, motions pursuant to Rules 7, 11, 12, 15, 41, 55, 56, 59 and 60 of the Federal Rules of Civil Procedure, and motions pursuant to Local Rule 11-110 shall be briefed pursuant to Local Rule 78-230(m). Failure to oppose such a motion timely may be deemed a waiver of opposition to the motion. Opposition to all other motions need be filed only as directed by the court.

(Order filed Jan. 12, 2006, at 3.) Pursuant to paragraph 7 of the January 12, 2006 order, plaintiff was obligated to respond to defendant Barnes' motion to dismiss.

Plaintiff's response to the order to show cause does not demonstrate good cause. However, in light of plaintiff's pro se status, the court will discharge the order to show cause and permit plaintiff to oppose defendant Barnes' motion. Plaintiff is cautioned that sanctions will be imposed for any subsequent failure to comply with the January 12, 2006 order.

Plaintiff's response to the court's order to show cause contains extraneous matter. The motion to dismiss filed on April 10, 2006, has been brought only by defendant Barnes. Plaintiff's opposition should be addressed solely to the arguments advanced by defendant Barnes. Plaintiff will be required to file a document titled "Opposition to Defendant Barnes' Motion to Dismiss." The opposition may not address any matter other than defendant Barnes' motion. It may not contain argument concerning the affirmative defenses or other allegations presented by defendants Rendon, Davis, Lazard, Oakley, Skinner, and Dazo in their answer. See Fed. R. Civ. P. 7(a). Plaintiff may cite specific exhibits attached to his amended complaint, to the extent that those exhibits are relevant to his claims against defendant Barnes, but he may not attach copies of those exhibits or offer new exhibits.

Accordingly, IT IS ORDERED that:

1. Plaintiff's June 12, 2006 filing is deemed to be plaintiff's declaration in response to order to show cause;

2. The court's order to show cause filed May 25, 2006, is discharged;

3. Plaintiff's opposition to defendant Barnes' motion to dismiss shall be filed and served within twenty-one days after the date on which this order is signed; plaintiff's failure to file opposition in compliance with this order will result in a recommendation that the district judge dismiss plaintiff's claims against defendant Barnes with prejudice; and

4. If plaintiff files opposition in accordance with this order, defendant Barnes' reply shall be filed and served in accordance with Local Rule 78-230(m).

DATED: June 19, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
king2246.dch