IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN KING,

    Plaintiff,                          No. CIV S-04-2246 LKK DAD P

    vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS, et al.,

    Defendants.                    FINDINGS AND RECOMMENDATIONS

/

        Plaintiff is a former state prisoner[1] proceeding pro se with a civil rights action. The matter is before the court on defendant Barnes' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

        Defendant Barnes' motion was filed on April 10, 2006. Pursuant to orders filed on May 25, 2006, and June 20, 2006, plaintiff served opposition to defendant Barnes' motion on June 27, 2006. Defendant Barnes did not file a reply.

BACKGROUND

        Plaintiff was confined at High Desert State Prison when he brought this action in 2004, but his claims concern events that allegedly occurred in 2003 and 2004 at Folsom State

---

[1] See plaintiff's Notice of Change of Address filed September 15, 2006.

1

Prison (FSP). The court granted plaintiff's request for leave to amend, and plaintiff filed an amended complaint on March 28, 2005. The undersigned determined that the pleading states cognizable claims for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b) against seven of the ten defendants. Service of process was not authorized as to three supervisorial defendants.

On January 12, 2006, the United States Marshal was directed to serve the amended complaint on defendants Davis, Lazard, Oakely, Dazo, Rendon, Skinner, and Barnes. All defendants waived service of summons. On April 10, 2006, an answer was filed by defendants Davis, Lazard, Oakely, Dazo, Rendon, and Skinner. On the same date, defendant Barnes filed his motion to dismiss. A discovery order was issued on April 19, 2006. The court has not yet issued a scheduling order.

## THE PARTIES' ARGUMENTS

I. <u>Defendant Barnes' Motion</u>

Defendant Barnes seeks dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that the claims alleged against him are based solely on his supervisory role, which is not a legally cognizable basis for relief under 42 U.S.C. § 1983.

Defendant summarizes plaintiff's factual allegations as follows: on August 13, 2003, medical staff at FSP provided plaintiff with a medical chrono for low bunk/low tier housing; on August 18, 2003, after defendant Dazo issued plaintiff a medical chrono noting that plaintiff had functional limitations and restrictions on his ability to perform work, plaintiff was moved from the minimum support facility to a medium support facility due to concerns about his back; on September 18, 2003, plaintiff was housed on the fourth tier; on October 5, 2003, he was injured when he fell down the fourth floor stairs to the third floor walkway; defendant Barnes is a correctional captain; he and the other supervisory defendants are liable in their official capacities for failure to discharge mandatory duties. (Def't Barnes' Mot. to Dismiss at 3 (citing Am.

/////

Compl. at 6).) Defendant Barnes contends that the allegations against him are identical to the allegations against the three supervisory defendants that the court declined to serve.

Defendant Barnes argues that the court is not required to accept as true unreasonable inferences or conclusory allegations cast in the form of factual allegations, defendants cannot be held liable based solely on respondeat superior liability, and a plaintiff must specifically allege the causal link between a supervisor and the claimed constitutional violation. Defendant Barnes requests that the court dismiss with prejudice the claims against him in the absence of any factual allegations showing specific conduct by him that caused the alleged constitutional violations.

II. Plaintiff's Opposition

Plaintiff contends that the court properly found enough factual allegations to justify service of the amended complaint on defendant Barnes. Plaintiff asserts that defendant Barnes is liable under § 1983 for his actions or inaction during the classification committee hearing at which plaintiff was removed from the minimum support facility. Plaintiff cites his Exhibits G and H. Plaintiff argues that defendant Barnes was the person in charge of plaintiff's custody on September 24, 2003, that plaintiff told the committee about his need for low bunk low tier housing, and that defendant Barnes and the other committee members told him his request would be granted. Plaintiff points to defendant Barnes' signature, as head of the committee, on Exhibit H. Plaintiff states that there would be no reason to hold defendant Barnes accountable except for his actual involvement in plaintiff's housing during the committee meeting and his actual knowledge of plaintiff's need for accommodation through inmate appeals in which plaintiff warned defendant Barnes and others in charge of housing about the need. Plaintiff cites his Exhibits A and B1.

Plaintiff contends that supervisory liability can exist even without overt personal participation in a particular offense if the official knew of and disregarded an excessive risk to the inmate's health or safety. Plaintiff argues that defendant Barnes knew of plaintiff's injuries

and need for accommodation but disregarded the risk to plaintiff's safety and failed to prevent the accident that subsequently occurred on October 5, 2003.  Citing Exhibits B2 and B3, plaintiff asserts that a defendant is liable if he does an affirmative act, participates in another's affirmative act, or omits to perform an act he is legally required to do that causes the deprivation of which the plaintiff complains.  Plaintiff concludes that he has provided a factual basis for his claims against defendant Barnes because the defendant knew plaintiff was injured and couldn't work and had to have a bottom tier and bunk, but he failed to discharge his duty to protect plaintiff from harm and failed to prevent the permanent injury suffered by plaintiff.

## ANALYSIS

I. Legal Standard Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)

A motion brought pursuant to Rule 12(b)(6) is a challenge to the sufficiency of the pleading.  For purposes of ruling on such a motion, the court must take as true the material facts alleged in the complaint.  Hospital Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  The court must construe the complaint in the light most favorable to the plaintiff.  Jenkins, 395 U.S. at 421; Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999).  Moreover, pro se pleadings must be held to a less stringent standard than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  See also Ortez v. Washington County, 88 F.3d 804, 807 (9th Cir. 1996) (noting that courts must liberally construe a pro se litigant's inartful pleading).

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

/////

/////

/////

II. <u>Discussion</u>

At screening, the undersigned found that plaintiff's amended complaint states cognizable claims for relief against defendant Barnes. The undersigned has reviewed the amended complaint and again finds that the pro se pleading states cognizable claims.

The exhibits attached to a complaint are a part thereof and may be considered in determining whether dismissal is proper. <u>See</u> Fed. R. Civ. P. 10(c); <u>Parks Sch. of Bus. v. Symington</u>, 51 F.3d 1480, 1484 (9th Cir. 1995); <u>Hal Roach Studios v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989). Here, plaintiff's amended complaint includes an exhibit and a specific allegation that links defendant Barnes to the alleged violations of his rights.

Plaintiff's Exhibit G, a CDC 128-G form dated September 24, 2003, reflects that defendant Barnes was the chairperson of the classification committee that removed plaintiff from his assignment and changed his housing placement upon notice from the medical department that plaintiff was unfit for duty at the facility where he was confined. (Am. Compl., Ex. H.) Plaintiff alleges that he was removed from camp on September 18, 2003, because of his medical condition and was provided with a lower bunk and lower tier prior to that date but

> was removed and placed on the fourth tier, back in general population on Sept. 18, 2003. I advised Sergeant E. Davis who also had me removed and the classification committee that I needed to be provided a low tier. They was also aware. See Exibit [sic] "G," "H." The plaintiff had to hobble up the stairs. Officials were made aware and disregarded plaintiff's medical needs.

(Am. Compl. at 2.)

Construing plaintiff's pro se pleading in the light most favorable to him and resolving all doubts in plaintiff's favor, as the court must do at screening and in ruling on a motion to dismiss pursuant to Rule 12(b)(6), the undersigned previously determined and finds again that plaintiff has alleged defendant Barnes' personal involvement in the decisions concerning plaintiff's housing that led to his fall down a flight of stairs on October 5, 2003. Defendant Barnes' personal involvement in the classification committee hearing on September

5

18, 2003, distinguishes him from the three supervisory defendants who were not served with plaintiff's amended complaint. Thus, plaintiff may be able to prove facts in support of his claims against defendant Barnes that will entitle him to relief against the defendant. Plaintiff's claims against defendant Barnes should not be dismissed pursuant to Rule 12(b)(6).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant Barnes' April 10, 2006 motion to dismiss be denied; and

2. Defendant Barnes be directed to file an answer within the time provided by Rule 12(a)(4)(A) of the Federal Rules of Civil Procedure.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file and serve written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be filed and served within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 18, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
king2246.mtdbarnes