1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10    KEVIN KING,

11              Plaintiff,                    No. CIV S-04-2246 ALA P

12         vs.

13    CALIFORNIA DEPT. OF CORRECTIONS,
      et al.,
14              Defendants.              ORDER

15    _____/

16         Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in this

17    civil rights action under 42 U.S.C.§ 1983.  The matter is before this court on Defendants' motion

18    to compel Plaintiff's deposition and to pay Defendants' cost of previous deposition in the amount

19    of $265.  Plaintiff has filed an opposition to defendants motion to compel.

20         I. Motion to Compel Plaintiff's Deposition

21         Any party has the right to discovery of "any matter, not privileged, that is relevant

22    to the claim or defense of any party...." ; thus, the scope of discovery under Fed. R.Civ.P.

23    26(b)(1) is broad.  Discovery may be sought of relevant information not admissible at trial "if the

24    discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

25    The court, however, may limit discovery if it "....is unreasonably cumulative or duplicative," or

26    can be obtained from another source "that is more convenient, less burdensome, or less

1

1   expensive; or if the party who seeks discovery "has had ample opportunity by discovery ...to

2   obtain the information sought"; or if the proposed discovery is overly burdensome.  Fed. R.Civ.P.

3   26(b)(2)(i)(ii) and (iii).  If a party fails to make a disclosure required by Rule 26(a), any other

4   party may move to compel disclosure.  Fed. R. Civ P. 37(a)(2)(a).

5           On April 13 2007, Defendants attempted to depose Plaintiff.[1]  Plaintiff was

6   present at the deposition but refused to participate due to lack of legal counsel.  The United

7   States Supreme Court has ruled that district courts lack authority to require counsel to represent

8   indigent prisoners in § 1983 cases.  *Mallard v. United States Dist. Court*, 490 U.S. 296, 298

9   (1989).  In certain exceptional circumstances, the district court may request the voluntary

10  assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  *Terrell v. Brewer*, 935 F.2d 1015,

11  1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

12          The test for exceptional circumstances requires the court to evaluate the plaintiff's

13  likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

14  light of the complexity of the legal issues involved.  *See Wilborn v. Escalderon*, 789 F.2d 1328,

15  1331 (9th Cir. 1986); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances

16  common to most prisoners, such as lack of legal education and limited law library access, do not

17  establish exceptional circumstances that would warrant a request for voluntary assistance of

18  counsel.

19          This court has not appointed Plaintiff counsel.  If Plaintiff desires counsel he must

20  obtain counsel through his own actions.  The Defendants need not wait for Plaintiff to obtain

21  counsel in order to conduct discovery.  As such, the Plaintiff is ordered to participate in a

22  deposition arranged by defendants.  Plaintiff's failure to comply with this order may result in a

23  default judgment.   Fed. R. Civ P. 37(b)(2)(C).

24

25

26      [1] Facts are drawn from the deposition transcript submitted with defendants motion to
    compel as exhibit B.

1   II. Defendants' Request for Cost Incurred

2          Federal Rule of Civil Procedure 37 provides...

3          If [a motion to compel] is granted... the court shall, after affording an opportunity
to be heard, require the party...whose conduct necessitated the motion... to pay to

4   the moving party the reasonable expenses incurred...unless the court finds
that...circumstances make an award of expenses unjust.

5                           Fed. R. Civ P. 37(a)(2)(a)

6          Plaintiff is a former prisoner proceeding pro se and in forma pauperis.  His refusal

7   to participate in the prior deposition was due to a desire to have legal counsel present.  Plaintiff

8   did not maliciously attempt to prevent the Defendants from discovering important evidence or to

9   delay this action.  Plaintiff is now informed that it is his burden to obtain counsel and of his duty

10  to participate in the ordered deposition.

11        Given the foregoing factors the court finds that ordering plaintiff to pay Defendants cost

12  would be unjust.  Accordingly, Defendants request that Plaintiff pay their cost incurred is denied.

13         Accordingly, IT IS HEREBY ORDERED that:

14         1. That Plaintiff attend and participate in a deposition, upon 14 days notice from

15  Defendants, within 60 days of this order and;

16         2. That Defendants' request for Plaintiff to pay costs is denied and;

17         3. That Plaintiff's request for denial of Defendants' motion to compel is denied.

18

19  DATED: July 24, 2007

20

21                   /s/ Arthur Alarcón

22                   _____
                 UNITED STATES CIRCUIT JUDGE
                 Sitting by Designation

23

24

25

26