IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN KING,

        Plaintiff,                             No. CIV S-04-2246 ALA P

    vs.

CALIFORNIA DEPT. OF CORRECTIONS, et al.,

        Defendants.                      ORDER

_____/

        Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C.§ 1983. The matter is before this court on Plaintiff's motion to compel written depositions, interrogatories and requests for admissions. Defendants' have filed an opposition to Plaintiff's motion claiming that Plaintiff has failed to comply with Federal Rule of Civil Procedure 31 by not providing a date on which Defendants were to attend the written deposition and by failing to procure an officer to administer the written depositions and certify the responses.

        Any party has the right to discovery of "any matter, not privileged, that is relevant to the claim or defense of any party...." ; thus, the scope of discovery under Fed. R.Civ.P. 26(b)(1) is broad. Discovery may be sought of relevant information not admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

1

The court, however, may limit discovery if it "....is unreasonably cumulative or duplicative," or can be obtained from another source "that is more convenient, less burdensome, or less expensive; or if the party who seeks discovery "has had ample opportunity by discovery ...to obtain the information sought"; or if the proposed discovery is overly burdensome. Fed. R.Civ.P. 26(b)(2)(i)(ii) and (iii). If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure. Fed. R. Civ P. 37(a)(2)(a).

Plaintiff seeks to depose Defendants via written questions. A party desiring to take a deposition upon written questions shall serve them upon every other party with a notice stating (1) the name and address of the person who is to answer them, if known, and if the name is not known, a general description sufficient to identify the person or the particular class or group to which the person belongs, <u>and</u> (2) the name or descriptive title and address of the officer before whom the deposition is to be taken. Fed. R. Civ P. 31 (a)(3). (Emphasis added).

Defendants received Plaintiff's discovery requests sometime in June 2007[1]. On June 12, 2007, Defendants sent Plaintiff a letter informing him that his request did not comply with Federal Rule of Civil Procedure 31. Specifically, Defendants informed Plaintiff that he had failed to procure a certified court reporter to conduct the depositions and suggested that Plaintiff resubmit the discovery in the form of interrogatories. Plaintiff instead filed this motion to compel.

Having reviewed the filings this court finds that Plaintiff has failed to comply with Federal Rule of Civil Procedure 31. Specifically Plaintiff has not provided Defendants the name or descriptive title and address of the officer before whom the deposition is to be taken.

/////

/////

/////

---

[1] Facts are drawn from Plaintiff's Motion to Compel and Defendants' Opposition to Plaintiff's Motion to Compel.

1     Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to compel is denied.

2 DATED: August 15, 2007

3                                       /s/ Arthur Alarcón
                                        UNITED STATES CIRCUIT JUDGE

4                                         Sitting by Designation