IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN KING,

       Plaintiff,                   No. 2:04-cv-02246 ALA P

    vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS, et al.,
       Defendants.              <u>ORDER & REVISED SCHEDULING ORDER</u>

_____/

      Plaintiff Kevin King is proceeding pro se and in forma pauperis in the civil rights action pursuant to 42 U.S.C. § 1983. On January 2, 2008, Plaintiff filed a motion seeking to compel Defendants to produce certain discovery items. The court asks that Defendants respond prior to the court issuing its decision. Defendants will be directed to file a response to Plaintiff's January 2, 2008, motion to compel within thirty-five (35) days of the date of this order.

      Additionally, as this matter has been transferred to this court, this court will issue a revised scheduling order. The court will not reopen the time for discovery.

      In due course, the parties will be required to file pretrial statements in accordance with the schedule set forth below. In addition to the matters already required to be addressed in the pretrial statement in accordance with Local Rule 16-281, Plaintiff will be required to make a

particularized showing in his pretrial statement in order to obtain the attendance of witnesses. Plaintiff is advised that failure to comply with the procedures set forth below may result in the preclusion of any and all witnesses named in his pretrial statement.

At trial, Plaintiff must be prepared to introduce evidence to prove each of the alleged facts in support of his claims. Trial evidence generally takes the form of: (a) exhibits; and (b) witness testimony. The parties must file pretrial statements addressing the matters set out in Local Rule 16-281. The court may strike the pretrial statement of a party who fails strictly to comply with this rule.

The following procedures apply for calling witnesses:

I.  Obtaining Attendance of an Incarcerated Witness Who Intends to Testify Voluntarily

A witness who is willing to testify without the compulsion of a subpoena, but who is imprisoned or incarcerated, cannot appear to testify without a court order directing the custodian to produce him at the time of trial. The court will issue such an order only upon a showing that the witness has agreed to testify voluntarily and has actual knowledge of relevant facts.

Therefore, a party intending to introduce testimony from such a witness must file *with his pretrial statement* a motion for an order directing the witness's custodian to produce the witness for trial. The motion must:

    1. Identify the witness by name, California Department of Corrections and Rehabilitation number, and address;

    2. Include affidavits showing that the witness intends to testify voluntarily. This intention can be shown as follows:

        A. The *party* can swear by affidavit that the witness has communicated to him an intention to testify voluntarily. The affidavit must include a statement of when and where the prospective witness informed the party of this willingness; or

        B.  The *witness* can swear by affidavit that he is willing to testify without the compulsion of subpoena.

/////

    3. Include affidavits showing each witness has actual knowledge of relevant facts.

    The witness's knowledge can be shown as follows:

        A.  The *party* can swear that he knows the witness saw or heard relevant facts.  For example, if something occurred in plaintiff's cell and plaintiff saw that a cell-mate was present and observed the incident, then plaintiff may swear to the cell-mate's ability to testify; or,

        B.  The *witness* can swear to the relevant facts he observed.

    Any such affidavit must describe the incident, state when it occurred, where it occurred, who was present, and how the witness was in a position to see or to hear what occurred.

    II.    <u>Obtaining Attendance of an Incarcerated Witness Who Refuses to Testify Voluntarily</u>

If a party seeks to present testimony of an imprisoned or incarcerated witness who does not intend to testify voluntarily, the party must *with his pretrial statement* file a motion for an order directing that witness to appear.  Such a motion must comply with the requirements explained above but the movant must demonstrate that any such witness does not intend to testify voluntarily.

    III.    <u>Obtaining Attendance of an Unincarcerated Witness Who Agrees to Testify Voluntarily</u>

A party need not obtain an order to produce an unincarcerated witness who intends to testify voluntarily.  However, the party is responsible for ensuring attendance of such a witness.

/////

3

/////

### IV. Obtaining Attendance of Unincarcerated Witnesses Who Refuse to Testify Voluntarily

To obtain the presence of a witness who is at liberty and who refuses to testify voluntarily, the party who intends to present that witness's testimony must complete a subpoena and submit it to the United States Marshal for service upon the witness. Blank subpoena forms may be obtained from the Clerk of the Court. Completed subpoenas must be submitted *not earlier than four weeks and not later than two weeks before trial*. The party must also tender through the United States Marshal a money order payable to the witness in the amount of the daily witness fee, $40.00, *plus the witness's travel expenses*. If plaintiff seeks the witness's presence and proceeds *in forma pauperis*, then plaintiff must also submit a copy of the order granting him leave so to proceed.

The United States Marshal *will not serve a subpoena upon an unincarcerated witness without the witness fee and travel expenses having been tendered*. No statute authorizes the use of public funds for expenses in civil cases and so even a plaintiff proceeding *in forma pauperis* must tender the fees.

Therefore, it is ORDERED that:

1. Defendants file a response to Plaintiff's January 2, 2008, motion to compel within thirty-five (35) days of the date of this order;

2. Plaintiff shall file and serve his pretrial statement and any motions necessary to obtain the attendance of witnesses at trial on or before April 7, 2008. Defendant shall file a pretrial statement on or before April 21, 2008. The parties are advised that failure to file a pretrial statement may result in the imposition of sanctions, including dismissal of this action;

3. Pretrial conference (as described in Local Rule 16-282) is set in this case for May 2, 2008. The pretrial conference shall be conducted on the file only, without appearance by either party; and

1      4.  This matter is set for jury trial before the Honorable Arthur L. Alarcón on August 19,
2  2008 at 9:00 a.m. in a courtroom to be determined.
3  /////
4  DATED: January 9, 2008

                                    /s/ Arthur L. Alarcón
                                    UNITED STATES CIRCUIT JUDGE
                                    Sitting by Designation