IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN KING,

        Plaintiff,                No. 2:04-cv-02246 ALA P

        vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS, et al.,
        Defendants.              ORDER
_____/

      Plaintiff Kevin King is proceeding pro se and in forma pauperis in the civil rights action pursuant to 42 U.S.C. § 1983. On November 21, 2007, defendants filed a motion for summary judgment. Plaintiff filed a response in opposition to that motion on December 12, 2007. Defendants then filed a reply to plaintiff's opposition on December 28, 2007. For the reasons stated below, defendants motion for summary judgment is granted in part and denied in part. Defendants request that defendant Skinner be dismissed from this matter will be granted.

**I**

      Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted in favor of a party "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A party's

1

motion for summary judgment must be granted "after adequate time for discovery and upon motion . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

"On summary judgment the inferences to be drawn from the underlying facts contained in such materials must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). "The moving party bears the initial burden to demonstrate the absence of any genuine issue of material fact." *Horphag Research Ltd. v. Garcia*, 475 F.3d 1029, 1035 (9th Cir. 2007). "Once the moving party meets its initial burden, however, the burden shifts to the non-moving party to set forth, by affidavit or as otherwise provided in Rule 56, specific facts showing that there is a genuine issue for trial." *Id*. (internal quotation marks omitted).

Where the party resisting a motion for summary judgment is *pro se*, the court "must consider as evidence in his opposition to summary judgment all of [his] contentions offered in motions and pleadings, where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where [he] attested under penalty of perjury that the contents of the motions or pleadings are true and correct." *See Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004) (holding that allegations contained in a pro se plaintiff's verified pleadings must be considered as evidence for purposes of summary judgment).

**II**

Plaintiff alleges that defendants were deliberately indifferent to his serious medical needs. Specifically, plaintiff alleges that defendants housed plaintiff on the fourth tier of a cellblock, in disregard of a medical chrono that stated plaintiff should be housed on a low tier. Amended Complaint at 2-5. Plaintiff fell while descending the fourth tier stairs and sustained injury. *Id*.

"The unnecessary and wanton infliction of pain upon incarcerated individuals under color

of law constitutes a violation of the Eight Amendment." *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992)). "A violation of the Eighth Amendment occurs when prison officials are deliberately indifferent to a prisoner's medical needs." *Id.* at 1057.

"In the Ninth Circuit, the test for deliberate indifference consists of two parts." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). "First, the plaintiff must show a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *Id.* (quoting *McGuckin*, 974 F.2d at 1059). "Second, the plaintiff must show the defendant's response to the need was deliberately indifferent." *Id.* A plaintiff can show a defendant's response was deliberately indifferent by demonstrating "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.* "Indifference 'may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.'" *Id.* (quoting *McGuckin*, 974 F.2d at 1059).

"A prison official acts with 'deliberate indifference . . . only if [he or she] knows of and disregards an excessive risk to inmate health and safety." *Toguchi*, 391 F.3d 1057. "Under this standard, the prison official must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "'[D]eliberate indifference to medical needs may be shown by circumstantial evidence when the facts are sufficient to demonstrate that a defendant actually knew of a risk of harm.'" *Id.* at 1057 n.4 (quoting *Lolli v. County of Orange*, 351 F.3d 410, 421 (9th Cir. 2003)).

A

Defendants claim that summary judgment is appropriate in favor of defendant Davis because defendant Davis "had no knowledge of plaintiff's placement on the fourth tier" and "had

3

no authority to dictate or coordinate plaintiff's housing assignment." Motion for Summary Judgment at 6. Plaintiff has alleged that prior to his fall, defendant Davis assured plaintiff that he would be "accommodated in a lower bunk and lower tier" upon his arrival in general population. Plaintiff's Opposition to Defendant's Motion for Summary Judgment at 5.

As noted above, "[a] prison official acts with 'deliberate indifference . . . only if [he or she] knows of and disregards an excessive risk to inmate health and safety." *Toguchi*, 391 F.3d 1057. Plaintiff has not alleged that defendant Davis was aware that plaintiff was not being housed on a low tier. As such plaintiff cannot show that defendant Davis knew of and disregarded an excessive risk to plaintiff's health. Summary judgment is therefore appropriate for defendant Davis and will be granted.

**B**

Defendants argue that summary judgment is appropriate for defendants Barnes, Lazard, and Oakley, because none of these defendants "had any control over inmate housing" in general population. Motion for Summary Judgment at 6. Plaintiff does not address this allegation in his opposition.

"To violate the Eighth Amendment, the deprivation alleged must objectively be sufficiently serious; and the prison official must subjectively have a sufficiently culpable state of mind." *Estate of Ford v. Ramirez-Palmer* 301 F.3d 1043, 1049 (9th Cir. 2002) (qouting *Farmer* 511 U.S. at 834. "Thus, a reasonable prison official understanding that he cannot recklessly disregard a substantial risk of serious harm, could know all of the facts yet mistakenly, but reasonably, perceive that the exposure in any given situation was not that high. " *Id.* (quoting *Saucier v. Katz*, 533 U.S. 194, 205 (2001)).

Viewed in the light most favorable to the plaintiff, while it appears that defendants Barnes, Lazard and Oakley did not have authority to control plaintiff's tier housing, that does not automatically entitle them to summary judgment. Plaintiff alleges that he told defendants Barnes, Lazard and Oakley that he was being housed on the fourth tier despite a medical chrono

4

requiring that he be housed on a low tier. Plaintiff's Opposition to Motion for Summary Judgment at 5. A reasonable prison official could not know that plaintiff was being housed in violation of a medical chrono and not recognize that there was a significant chance plaintiff would injure himself.

Turning to defendants conduct, defendants Barnes, Lazard and Oakley do not claim that they informed plaintiff that he must raise his housing issue with some other prison official. Additionally, defendants do not claim that they informed the appropriate prison official about the risk to plaintiff's health. In fact, defendants do not address what action they took in response to plaintiff's request. As such, this court cannot say that there is not a genuine issue as to a material fact in regards to whether defendants Barnes, Lazard and Oakley were deliberately indifferent to plaintiff's serious medical need. Defendant's motion for summary judgment will therefore be denied with respect to defendant's Barnes, Lazard and Oakley.

## C

Defendants argue that summary judgment is appropriate in favor of defendant Dazo because "the undisputed facts show that defendant Dazo had no knowledge of plaintiff's housing." Defendant's Motion for Summary Judgment at 6. Plaintiff claims that because defendant Dazo was responsible for plaintiff moving from a low tier in one building to another building where he was housed on the fourth tier, defendant Dazo "should have also made sure that [plaintiff's] medical needs were met and accommodated." Amended Complaint at 2.

Again, "[a] prison official acts with 'deliberate indifference . . . only if [he or she] knows of and disregards an excessive risk to inmate health and safety." *Toguchi*, 391 F.3d 1057. Plaintiff has not alleged that defendant Dazo was aware that plaintiff was not being house in accordance to his low tier chrono. As such, even assuming plaintiff's allegations are true, there is not a genuine issue of material fact with respect to whether defendant Dazo was deliberately indifferent. Summary judgment is therefore appropriate for defendant Dazo and will be granted.

## D

5

Finally, defendants argue that defendant Skinner should be dismissed from this action because defendant Skinner had no causal connection to plaintiff's injury. Motion for Summary Judgement at 7. Plaintiff alleges that after his injury he was taken to the emergency clinic, given another low tier chrono and "was disregarded by Sergeant Skinner." Amended Complaint at 3.

At issue in this action is whether defendants were deliberately indifferent to plaintiff's serious medical needs and if that indifference resulted in injury. The injury at issue is plaintiff's fall from the fourth tier stairs. While the actions of defendant Skinner may give rise to a separate action, they are not at issue in this lawsuit because they occurred after the incident at issue. As such, defendant Skinner will be dismissed.

### III

Therefore, it is ORDERED that:

1. Defendant's November 21, 2007, motion for summary judgment is GRANTED with respect to defendants Davis and Dazo;

2. Defendant's November 21, 2007, motion for summary judgment is DENIED with respect to defendants Barnes, Lazard and Oakley; and

3. Defendant Skinner is dismissed from this matter.

/////

DATED: March 11, 2008

/s/ Arthur L. Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation

6