1

2

3

4

5

6

7

8             IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KEVIN KING,

11           Plaintiff,                    Case No. 2:04-cv-02246 ALA (P)

12        vs.

13   CALIFORNIA DEPT. OF CORRECTIONS,
     et al.,
14           Defendants.                   **ORDER**

15   _____/

16        On April 21,2008,  Plaintiff filed a Summary Judgment Motion against Defendant

17   Rendon. (Doc. 83).  Plaintiff's  Summary Judgment Motion has no merit, and therefore is

18   DENIED.

19        Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is

20   appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and

21   that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).

22              Under summary judgment practice, the moving party

23              always bears the initial responsibility of informing the district court
                of the basis for its motion, and identifying those portions of "the
24              pleadings, depositions, answers to interrogatories, and admissions
                on file, together with the affidavits, if any," which it believes
25              demonstrate the absence of a genuine issue of material fact.

26   *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).

1

1    Plaintiff has not met this burden.

2         The crux of Plaintiff's Summary Judgment Motion is predicated on the fact that

3    Defendant Rendon was not a party to Defendants' Summary Judgment Motion.  Because

4    Defendant Rendon was not a party to the Summary Judgment Motion, Plaintiff argues that he

5    should now be entitled to summary judgment against Defendant Rendon. (Doc. 71).  Plaintiff's

6    argument is not legally cognizable, as it is not supported by law.

7         The fact that Defendant Rendon was not a party to Defendants' Summary Judgment

8    Motion does not justify this Court finding Summary Judgment for Plaintiff against Defendant

9    Rendon.  Rule 56 of the Federal Rules of Civil Procedure do not require any party to move for

10   summary judgment.  Therefore, a party's decision to not pursue a summary judgment does not

11   constitute grounds for moving for summary judgment against the party who abstained.

12        Plaintiff's conclusion that, "THE COURT WAS UNABLE TO MAKE A RULING ON

13   RENDON; DUE TO DEFENDANTS' NOT BEING CONCERNED WITH RENDON" does not

14   bolster Plaintiff's instant motion.  The Court's Order regarding Defendants' Summary Judgment

15   Motion, did not assess Defendant Rendon's arguments because Defendant was not a party to the

16   Summary Judgment Motion. (Doc. 81).  This Court reviews only what is before it, and therefore,

17   the fact that Defendant Rendon was not mentioned in the Order does not mean that Plaintiff is

18   entitled to summary judgment as to this Defendant.

19        Plaintiff did not meet his burden as provided by Rule 56 of the Federal Rules of Civil

20   Procedure, and accordingly IT IS HEREBY ORDERED that Plaintiff's Motion for Summary

21   Judgment be DENIED.

22

23   DATED: May 3, 2008                    /s/ Arthur Alarcón
                                           UNITED STATES CIRCUIT JUDGE
24                                         Sitting by Designation

25

26